```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| JOHN A. KESLICK, JR. | : | CIVIL ACTION |
| v. | : | |
| US FOREST SERVICE BRADFORD RANGER DISTRICT | : | NO. 13-6573 |
| US FOREST SERVICE | : | |

FILED
NOV 21 2013
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

## MEMORANDUM

JONES, J.                                      NOVEMBER 20, 2013

Plaintiff John A. Keslick, Jr. brings this action against the United States Forest Service and the United States Forest Service Bradford Ranger District. He seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss his claims for lack of standing.

### I.  FACTS

Although the exact basis for the complaint is somewhat unclear, the Court understands plaintiff to be bringing claims based on his general dissatisfaction with the manner in which the United States Forest Service is caring for trees for which it is responsible. The complaint suggests that the driving force behind plaintiff's claims is his belief that the defendants are wasting taxpayer money by failing to care for trees/forests in accordance with numerous principles of arboriculture that plaintiff believes represent the standard of care for trees. Plaintiff seeks a "mandate that taxpayers begin to have federal public land managed with an understanding of tree biology" and

1

for the defendants to "stop hurting trees." (Compl. ¶ V.) He also appears to be seeking $2 million for his time over the last thirteen years spent studying tree biology and presenting data to the Forest Service, which he seeks to use "as [he] sees necessary to continue to help trees."

## II. DISCUSSION

The Court grants plaintiff leave to proceed in forma pauperis because he has satisfied the requirements set out in 28 U.S.C. § 1915. Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies. That provision requires the Court to dismiss the complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune. Courts may dismiss a lawsuit pursuant to § 1915(e)(2)(B)(i) when a plaintiff lacks standing because, in those cases, there is no legal basis for the plaintiff's claims. See Banks v. Buchanan, 336 F. App'x 122, 123-24 (3d Cir. 2009) (per curiam); Awala v. People Who Want to Restrict Our First Amendment Rights, 164 F. App'x 215, 217 (3d Cir. 2005) (per curiam).

"[T]o establish standing, a plaintiff must show (1) an 'injury in fact,' i.e., an actual or imminently threatened injury that is 'concrete and particularized' to the plaintiff; (2) causation, i.e., traceability of the injury to the actions of the defendant; and (3) redressability of the injury by a favorable decision by the Court." Nat'l Collegiate Athletic Ass'n v. Governor of N.J., 730 F.3d 208, 218 (3d Cir. 2013) (quoting Summers v. Earth Island Inst., 555 U.S. 488, 493 (2009)). "[A]

plaintiff raising only a generally available grievance about government – claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large – does not state an Article III case or controversy." Lance v. Coffman, 549 U.S. 437, 439 (2007) (per curiam) (quotations omitted). Here, plaintiff is raising a generally available grievance about the government's conduct, i.e., that the government is wasting taxpayer money by failing to care for trees in a proper manner. Furthermore, nothing in the complaint suggests that plaintiff is harmed by the defendants' actions any more than the public at large is harmed by those actions. Accordingly, plaintiff's claims must be dismissed for lack of standing.[1]

### III. CONCLUSION

For the foregoing reasons, the Court will dismiss this action. As it is apparent that plaintiff is raising generalized grievances, the Court concludes that attempts at amendment would be futile. An appropriate order follows.

---

[1] In any event, if plaintiff is challenging the Forest Service's actions under the Administrative Procedures Act, see 5 U.S.C. § 702, it is not clear whether this Court has jurisdiction because the complaint does not establish that plaintiff is challenging a final agency action. See Minard Run Oil Co. v. U.S. Forest Serv., 670 F.3d 236, 247 (3d Cir. 2011).

3